**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHENR DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHIMENG LO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:17-cv-00674-O** |
| **XPO LOGISTICS-SC OF TEXAS, LLC,** | § | |
| **and XPO LOGISTICS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## <u>ORDER</u>

Before the Court are Plaintiff Chimeng Lo's ("Plaintiff") Motion for Conditional Certification (ECF No. 31), filed December 8, 2017; Defendants' Response (ECF No. 33), filed December 29, 2017; and Plaintiff's Reply (ECF No. 38), filed January 19, 2018. Having reviewed the pleadings and the applicable law, the Court finds Plaintiff's Motion for Conditional Certification of Representative Action (ECF No. 31) should be and is hereby **GRANTED.**

## I.   BACKGROUND

Plaintiff brought an action against Defendants asserting claims to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq. See* Am. Compl., ECF No. 12. Defendants employed Plaintiff as an operations supervisor from July 6, 2015 until July 17, 2016. *Id.* ¶ 5.3. Plaintiff alleges that, during his employment, Defendants paid Plaintiff a weekly salary for all hours worked up to forty hours each week, and an hourly rate of pay approximately equal to Plaintiff's weekly salary divided by forty for all hours worked beyond fifty, but no additional payment for the first ten hours of overtime. *Id.* ¶ 5.10. According to Plaintiff, Defendants never paid Plaintiff an overtime premium for the first

ten hours of overtime work, or an additional "half-rate" for all hours beyond his first fifty hours. *Id.* ¶ 5.11.

Plaintiff also moved to certify a collective action under § 216(b) of the FLSA, seeking to represent "[a]ll current and former 'operations supervisors' or other employees of Defendants with similar job titles and responsibilities who were employed by Defendants during the three-year period preceding the filing of this Complaint." *Id.* ¶ 3.4. Plaintiff alleges that operations supervisors were required to work with other hourly, non-exempt "associates" to complete the tasks assigned to a particular job site, *e.g.* assembling materials on a production line, receiving product in a warehouse environment, and other duties involving the building and shipping of cellular communications devices. *Id.*; Pl.'s Mot. Cond. Cert. 14, ECF No. 31.

On December 8, 2017, Plaintiff moved to conditionally certify a collective action and provide notice to potential members. *See* Pl.'s Mot. Cond. Cert. ECF No. 31. In support of his motion, Plaintiff showed that one other Plaintiff has opted-in, another potential plaintiff has submitted a declaration, and these three have shown that, to the best of their knowledge, there are other similarly situated operations supervisors who would opt-in to this lawsuit if they were to receive notice. Pl.'s Mot. Cond. Cert. 16, ECF No. 31. The motion has been fully briefed and is ripe for review.

## II.    LEGAL STANDARD

The FLSA provides that "[a]n action to recover the liability prescribed in [Section 216] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Accordingly, the district court may, in its discretion, facilitate notice to potential class members of their right to opt-in to a collective action under § 216(b). *See Valcho v. Dall. Cnty. Hosp. Dist.*, 574 F.

Supp. 2d 618, 621 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

The Fifth Circuit has applied two different approaches to determine whether certification of an FLSA collective action should be approved. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 823 (N.D. Tex. 2007) (Fish, C.J.); *see also Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518–19 (5th Cir. 2010). The first approach requires a certification process similar to that of Federal Rule of Civil Procedure 23, whereby the plaintiffs must establish numerosity, commonality, typicality, and representativeness to certify an FLSA class. *See Ryan*, 497 F. Supp. 2d at 823; *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990)); *see also* Fed. R. Civ. P. 23. The other approach, introduced in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), employs a two-stage certification process consisting of (1) the notice stage, and (2) the certification stage. *Ryan*, 497 F. Supp. 2d at 824.

The Fifth Circuit has not adopted either approach, but has noted that there is a "fundamental, irreconcilable difference" between "opt-in" collective actions under Section 216(b) of the FLSA and Rule 23 "opt-out" actions. *See Clark v. City of Fort Worth*, 800 F. Supp. 2d 776, 779 (N.D. Tex. 2011) (McBryde, J.) (citing *LaChapelle v. Owens-Ill., Inc.*, 513 F.2d 286, 288 (5th Cir. 1975)); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008) (McBryde, J.). A majority of federal courts, including those in this District, have applied the *Lusardi* approach. *See Ryan*, 497 F. Supp. 2d at 824 (citing other Northern District of Texas cases stating that the *Lusardi* approach is the "prevailing test among federal courts") (internal quotation marks omitted).

During the first stage of the *Lusardi* approach—the notice stage—the plaintiff must establish that there are other potential class members who are "similarly situated in their job

requirements and pay provisions." *Marshall v. Eyemasters of Texas, Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (internal quotation marks omitted); *see also Lentz v. Spanky's Rest. II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007) (Cummings, J.) ("The court must satisfy itself that other 'similarly situated' individuals justify notice because they desire to opt-in and are 'similarly situated' with respect to job requirements and with regard to their pay provisions."). "[T]he court need not find uniformity in each and every aspect of employment" to find that the plaintiff and the potential class members are "similarly situated." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 288 (N.D. Tex. 2012) (Boyle, J.). "A factual basis for the allegations must be presented, and there must be a showing of some identifiable facts or legal nexus that binds the claims so that hearing the cases together promotes judicial efficiency." *Id.* at 287 (internal quotation marks omitted); *see also Marshall*, 272 F.R.D. at 449. This approach requires that a plaintiff provide "substantial allegations" that potential class members were together victims of a "single decision, policy or plan infected by discrimination." *Clark*, 800 F. Supp. 2d at 779; *Songer*, 569 F. Supp. 2d at 707.

At the notice stage, the decision to facilitate notice of the action to potential class members is usually based only on the parties' pleadings and affidavits. *Clark*, 800 F. Supp. 2d at 778–79. A district court's determination at this stage is made using a "fairly lenient standard" because the court generally has minimal evidence. *Jones*, 281 F.R.D. at 287; *see also Marshall*, 272 F.R.D. at 449 (noting that the *Lusardi* standard is "admittedly lenient"). However, while the notice stage typically results in conditional certification, it is by no means mandatory. *Jones*, 281 F.R.D. at 287; *see also Clark*, 800 F. Supp. 2d at 779 (quoting *Songer*, 569 F. Supp. 2d at 706) ("While the plaintiffs' burden at [the notice] stage is not onerous, neither is it invisible.").

At stage two—the decertification stage—the court determines whether the class should be maintained through trial. *Ryan*, 497 F. Supp. 2d at 824. This stage typically begins when the defendant moves to decertify the class after discovery is largely complete. *Lentz*, 491 F. Supp. 2d at 668. The collective action will proceed if the court finds the potential class members similarly situated, but the class will be decertified if discovery fails to adequately identify "a pool of claimants that are 'similarly situated.'" *Id.*; *see also Marshall*, 272 F.R.D. at 449; *Proctor v. Allsup's Convenience Stores, Inc.*, 250 F.R.D. 278, 280 (N.D. Tex. 2008) (Robinson, J.) ("At this second stage, the burden is on the Plaintiff to prove that the individual class members are similarly situated.").

## III.    ANALYSIS

The Court now addresses Plaintiff's motion for conditional certification. This case is currently at the notice stage, and therefore, the Court must determine whether Plaintiffs have produced substantial allegations that there are other potential class members "similarly situated" with respect to their "job requirement and . . . pay provisions." *Marshall*, 272 F.R.D. at 449; *Ryan*, 497 F. Supp. 2d at 824–25.

### A.    Conditional Certification

Plaintiff seeks to represent all operations supervisors who were employed by Defendants at any time during the three-year period prior to the filing of his complaint. Pl.'s Mot. Cond. Cert. 10, ECF No. 31. The Court finds that Plaintiffs have met their burden of establishing that there are "similarly situated" potential class members. *See Ryan*, 497 F. Supp. 2d at 825; *see also White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 366–67 (E.D. Tenn. 2006) (discussing standards applied by federal courts at the notice stage and concluding that "[t]he burden ... is not heavy"). Plaintiff has provided substantial allegations that he, and the two other willing

participants the Court has noticed of, are similarly situated to the potential class members. The declarations show that the operation supervisors had similar job requirements and pay provisions as Plaintiff. Pl.'s App. Mot. Cond. Cert. 12–14, 45–47, 210–11, ECF No. 32. Plaintiff has also sufficiently alleged that the operations supervisors were all subject to a company-wide policy of being denied overtime compensation, which was allegedly instituted by Defendants' management. *See* Defs.' Br. Supp. Resp. 4, ECF No. 33.

Defendants focus on the differences in job duties between the operations supervisors and argues that these "disparities" show that Plaintiff is not "similarly situated" with the proposed class. *See id.* at 4–5. Defendants state that the operations supervisors in the different programs "have jobs that vary significantly from one another" and each operations supervisor has a "very unique job." *Id.* at 13–14. But the Court need not find "uniformity in each and every aspect of employment" to determine that Plaintiff and potential class members are similarly situated. *See Jones*, 281 F.R.D. at 288; *see also Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d at 996 (citing *Allen v. McWane, Inc.*, No. 2:06–cv–158–TJ, 2006 WL 3246531, at *3 (E.D. Tex. Nov. 7, 2006)) ("[T]he relevant inquiry [at the notice stage] is whether the potential class members performed the same basic tasks and were subject to the same pay practices."); *Ryan*, 497 F. Supp. 2d at 825 ("The positions need not be identical, but similar.") (internal quotations omitted). The evidence available at this stage shows that operation supervisors performed the same basic tasks and any differences in duties between the operation supervisors' positions are not material. *See Jones*, 281 F.R.D. at 288 ("The remedial nature of the FLSA [and § 216 militate] strongly in favor[ ] of allowing cases to proceed collectively.").

While the Court must be satisfied that other "similarly situated" employees desire to opt in, *Clark,* 800 F. Supp. 2d at 779; *Lentz,* 491 F. Supp. 2d at 669, numerosity is not a requirement

for conditional certification under the *Lusardi* approach. *See Tice,* 826 F. Supp. 2d at 995. The Declarations submitted by Plaintiff, including an opt-in Plaintiff, a sworn declaration, and identification by name of other similarly situated potential plaintiffs, satisfy the threshold needed for a conditional certification. *Walker v. Honghua Am., LLC*, 870 F. Supp.2d 462, 471 (S.D. Tex. 2012); *see also Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010) (("[A] plaintiff need not present evidence at this stage . . . that aggrieved individuals actually want to opt in to the lawsuit."); *Tice*, 826 F. Supp. 2d at 995 (one potential plaintiff); *Tolentino v. C & J SpecRent Servs. Inc.,* 716 F. Supp. 2d 642, 653 (S.D. Tex. 2010) (two declarations of similarly situated individuals and complaint sufficient). The Court reserves the more searching determination of whether the plaintiffs are similarly situated for after discovery is complete. *White*, 236 F.R.D. at 366–67

For those reasons, the Court is satisfied that there are other potential class members who may desire to opt-in. Accordingly, the Court finds that conditional certification of the class is appropriate.

## B. Scope of Class and Statute of Limitations

Plaintiff seeks to represent all current and former "operations supervisors" employed by Defendants during the three-year period preceding the filing of this complaint. Am. Compl. ¶ 3.4, ECF No. 12. The Court finds that conditional certification is appropriate for a class consisting of individuals employed as operations supervisors by Defendants during the relevant period.

Under the FLSA, an action for unpaid overtime compensation must be commenced within two years after the cause of action accrued, but a cause of action arising out a willful violation may be commenced within three years. 29 U.S.C. § 255(a). Plaintiff alleged that

Defendants' willfully violated the FLSA by failing to pay overtime premiums to Plaintiff and those similarly situated for all hours worked over forty per week. Am. Compl. ¶ 1.3, ECF No. 12; *Walker*, 870 F. Supp. 2d at 472 (stating that notice is proper for potential class members within the three-year period if plaintiffs allege a willful FLSA violation). In light of the standard and limited evidence available, the Court declines to make a determination of willfulness at this stage. *See Ryan*, 497 F. Supp. 2d at 824 (noting that the determination at the notice stage is made using a "fairly lenient standard").

The Court notes, however that this collective action did not commence until December 4, 2017, when Kristina Travis filed her written consent. *See* Not. Consent, ECF No. 29; *see also* 29 U.S.C. § 256.[1] The statute of limitations concerns the commencement of the action. *See* 29 U.S.C. § 255(a). Therefore, the Court defines the class as:

> All operations supervisors employed by Defendants at any time since December 4, 2014, until the present.

### C.    Proposed Notice

Plaintiffs submitted a proposed notice with their motion for conditional certification. See Pl.'s App. Mot. Cond. Cert., Ex. L (Proposed Notice), 213–18, ECF No. 32. Defendants objected that Plaintiffs' proposed notice was insufficient. *See* Defs.' Resp. Mot. Cond. Cert. 17–18, ECF No. 33. Defendants argue: (1) the proper time period for the notice is no more than three years; (2) the notice should be limited to first-class mail, not email or text messages; (3) that Defendants should not be required to produce emails and telephone numbers; (4) that Plaintiff

---

[1] While an individual action under Section 255 is commenced on the date the complaint is filed, a collective action is considered commenced for an individual:

(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint *and* his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

(b) if such written consent was not so filed or if his name did not so appear-on the subsequent date on which such written consent is filed in this court in which the action was commenced."

29 U.S.C. § 256 (emphasis added).

should not be allowed to send subsequent mailings; and (5) the notice language should be neutral—the Court's designation should not be included. Defs.' Resp. Mot. Cond. Cert. 18–21, ECF No. 33.

The Court has already addressed the appropriate time period for the notice above. *See supra* Part III.B. Second, Plaintiff shall be able to send notices by mail and electronic mail. *See Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 771 (N.D. Tex. 2013) (ordering defendants to provide plaintiffs with names, last known addresses, telephone numbers, and email addresses of potential class members). Plaintiff shall also be able to send a reminder notice thirty (30) days after the original mailing. Plaintiff cites numerous cases from this district and other district courts supporting this process and Defendants have not presented the Court with a compelling reason to deny the reminder notice. *Gronefeld v. Integrated Prod. Servs., Inc.*, 2016 WL 8673851, at *6 (W.D. Tex. Apr. 26, 2016) (ordering reminder notices over defendants' objection). Therefore, this objection is overruled.

Finally, the parties must confer with each other in an attempt to resolve any additional differences regarding the notice, the proper method of distribution, and return of the notice. The parties, within fourteen days from the date of this order, shall either: (1) submit a joint proposed notice to the Court; or (2) file a motion for approval of an opposed notice. *See infra* Part IV.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Conditional Certification (ECF No. 31) as to current and former operations supervisors employed by Defendants at any time from December 4, 2014, until the present.

Accordingly, it is **ORDERED** that Defendants provide Plaintiffs with the names and last known addresses, telephone numbers, and email addresses of operations supervisors employed by Defendants during the applicable period on or before **May 9, 2018.**

It is further **ORDERED** that the parties confer in an effort to resolve their disagreements regarding the notice to be sent to the potential plaintiffs. Plaintiffs are **ORDERED** to file either a joint proposed class notice or a motion for approval of an opposed notice no later than **May 9, 2018.**

**SO ORDERED** on this **30th day** of **April, 2018**.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**